On Rehearing.
BREAUX, J.
After having considered the application for a rehearing, we determined to reopen the case to further consider the questions whether the First National Bank of Houston should share proportionately with other creditors the assets of the Lake Charles Lumber Company; and, in the second place, to consider whether the Perkins-Miller Lumber Company, Limited, is the creditor of the Lake Charles Lumber Company.
With reference to the first question stated, the fact remains as heretofore stated, to wit: The Lake Charles Lumber Company is-a different corporation from the I. C. Campbell Company.
It being settled that the Lake Charles’ Lumber Company was an independent firm, it remains, as a further fact, that it made its-promissory notes to the order of the I. C. Campbell Company. The I. C. Campbell Company transferred them before maturity to the First National Bank of Houston.
It is further in evidence that the I. 0-Campbell Company, Limited, drew drafts-against the Lake Charles Lumber Company.. They were accepted by the drawee, who became thereby the acceptor.
Before maturity, these drafts were transferred by the I. C. Campbell Company to the First National Bank of Houston, so that notes and drafts went into the hands of the First National Bank in due course.
The bank now alleges that the Lake Charles Company, as maker of-the notes in question, and as acceptor of the drafts, is primarily its debtor; that these notes were deposited and pledged by the I. C. Campbell Company, as security for valid consideration.
The receiver of the Lake Charles Lumber Company insists that the bank should have first discussed the notes it holds in pledge, and that until then, it cannot be permitted to share in any part of the proceeds of the insolvent; i. e., the Lake Charles Lumber Company.
It will be borne in mind that the paper held by the bank against the Lake Charles-Lumber Company was deposited by the I. C-Campbell Company, pledgor.
No question but that the Lake Charles Lumber Company (an independent firm as heretofore held) is liable before any other debtor.
The collateral paper before mentioned secures the bank in the order of preference before mentioned.
The bank cannot very well be called upon to discuss its collateral security at all. The *417 bank, as tbe holder, is free from any obligation of deducting the amount to be realized on these securities as between it and the lumber company.
In the vicissitude of business, strangely enough, the bank is the holder of paper primarily due by an apparent unknown concern; but it may be after all that the officers of the bank had foresight enough to accept collateral security, so as to secure the obligation of the I. C. Campbell Company as transferrors, and retain a primary security against the Lake Charles Lumber Company. In other words, it dealt with the Lake Charles Lumber Company as primarily indebted, and the I. C. Campbell Company, as secondarily indebted, to it, with collateral securing the latter’s indebtedness, and thereby the whole indebtedness was secured.
It remains that the bank is protected by the commercial law.
The collaterals have been deposited by the I. C. Campbell Company to secure its own indebtedness, separate and distinct from that of the Lake Charles Lumber Company. This debt was not contracted by nor for the account of the Lake Charles Lumber Company.
We leave the question of this indebtedness and security to take up the claim of the Perkins, Miller Lumber Company, Limited.
There is a failure of proof as relates to this company; it has not made good its claim; the evidence does not show that it sold lumber to the Lake Charles Lumber Company; it dealt with the I. C. Campbell Company, and cannot be permitted to exercise its right as a creditor against both concerns. It has already chosen its debtor, the I. C. Campbell Company; and it will have to look to it for whatever amount it may be entitled to. Under the limitations of our judgment heretofore rendered, we do not think we should look into the issue further.
That of costs must remain as heretofore decreed.
It is therefore ordered, adjudged, and decreed that the right of the First National Bank of Houston, Texas to share in the assets of the Lake Charles Lumber Company, without discussing the collateral the said bank holds of the I. C. Campbell Company, Limited, is recognized and made executory.
It is further ordered, adjudged, and decreed that the First National Bank of Houston is to take part with the ordinary creditors of the Lake Charles Lumber Company on the same terms and conditions as the other creditors of the Lake Charles Lumber Company, to wit: To the amount of its claim of $6,000, with legal interest from maturity, to wit: It is to be paid its pro rata on the full amount of its said claim, same as other creditors.
It is further ordered, adjudged, and decreed that the opposition and intervention of the Perkins-Miller Lumber Company, Limited, be, and the same is, hereby rejected; and that the mass pay the costs of its opposition.
It is further ordered, adjudged, and decreed, that our original judgment be reinstated and made the judgment of this court, save and except to the extent that it is amended and changed by this amended decree